1

2                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
3                            AT SEATTLE

4   IN re LATEX GLOVE PRODUCTS LIABILITY
    LITIGATION,

5   DEBORAH LEE-HILLMAN, et al.,                        NO. C00-556P

6                    Plaintiff(s),                       ORDER ON MOTION FOR LEAVE
                                                         TO FILE AMENDED CROSS-CLAIM/
7            v.                                          THIRD-PARTY COMPLAINT

8   ALLEGIANCE CORPORATION, et al.,

9                    Defendant(s).

10  _____

11  SHERWOOD MEDICAL COMPANY,

12                   Counter-claimants,

13           v.

14  ANSELL HEALTHCARE PRODUCTS, INC., et
    al.,

15

16                   Counter-defendants.

17  _____

18           The above-entitled Court, having received and reviewed:

19  1.       Sherwood Medical Company's Motion for Leave to File an Amended Cross Claim/Third Party

20           Complaint

21  2.       Opposition of Aladan Corporation, SSL U.S. Manufacturing, LLC, f/k/a London International

22           Group, LLC, and SSL Americas Inc., f/k/a London International Group, Inc. to Sherwood

23           Medical Company's Motion for Leave to File an Amended Cross Claim/Third Party Complaint

24  3.       Sherwood Medical Company's Reply in Further Support of Motion for Leave to File an

25           Amended Cross Claim/Third Party Complaint

26  **ORD ON MTN
    TO AMEND - 1**

1   and all exhibits and declarations attached thereto, makes the following ruling:

2          IT IS HEREBY ORDERED that the motion is DENIED.

3          IT IS FURTHER ORDERED that this Court declines to further exercise supplemental

4   jurisdiction over this matter and the case is DISMISSED without prejudice to re-filing it in an

5   appropriate forum.

6   **Background**

7          Cross-claimant Sherwood Medical Company's claims against Ansell Healthcare Products, Inc.,

8   Ansell Malaysia SDN BHD, Ansell Perry, Inc. and Ansell, Inc. ("the Ansell parties") were the only

9   claims remaining following the settlement between and dismissal of the Plaintiffs and all Defendants

10  from this matter.  The allegations involve claims of indemnification stemming from latex glove

11  purchases over the period originally covered by Plaintiff's complaint.  A Joint Status Report was filed

12  (Dkt. No. 60) and an Order Setting Trial Date and Related Dates entered (Dkt. No. 61).

13         Sherwood has now filed a request for leave to add additional cross-claimants and third–party

14  defendants: namely, Aladan Corporation ("Aladan")'; LIG, LLC; LIG, Inc.; Regent Medical Division

15  of SSL Americas ("Regent Medical"); SSL U.S. Manufacturing, LLC ("SSL U.S. Mfg."); and SSL

16  Americas, Inc. ("SSL Americas") – collectively, the "Regent/LIG/SSL entities."  The motion seeks to

17  add LIG, LLC and LIG, Inc. as cross-claimants on the grounds that they were previously parties to the

18  original litigation; the remainder of the parties are sought to be added as third-party defendants.

19         None of the parties are domiciled in this forum.  There is not diversity among the parties.  The

20  Ansell third-party Defendants have indicated that they have no objection to dismissal from this court

21  for purposes of re-filing in a more appropriate forum.  At oral argument on the Motion to Amend, the

22  Court heard argument from all parties on the issue of the continuing exercise of supplemental

23  jurisdiction.

24  **Discussion**

25

26  **ORD ON MTN**
    **TO AMEND - 2**

1    As regards the proposed amended cross-claims, FRCP 13(g) only permits the filing of such

2    claims against "co-parties."  Courts have consistently held that "[a] cross-claim cannot be asserted

3    against a party who was dismissed from the action previous to the assertion of the cross-claim."  Wake

4    v. United States, 89 F.3d 53, 63 (2nd Cir. 1996), quoting Glazier & Glassworkers Union v. Newbridge

5    Securities, 823 F.Supp. 1188, 1190 (E.D. Pa. 1993).  Therefore the Court will not in any event

6    entertain a motion to add the LIG entities as cross-claimants.

7    The Court finds that the issue of whether to permit Third-Party Plaintiff Sherwood to amend

8    their complaint to add further third-parties defendant is completely subsumed by the larger issue of

9    whether to continue to litigate this case in this forum at all.  All parties concede that, with the dismissal

10   of the underlying litigation, there is no further basis for original federal jurisdiction over the remaining

11   claims.  The Court must continue to exercise authority over this matter, if at all, by means of

12   supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

13   The exercise of supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right."

14   Blake v. Pallan, 554 F.2d 947, 958 (9th Cir.  1977).  Federal courts "have indicated a strong preference

15   for the dismissal of pendent or ancillary claims whenever the district court disposes of the federal

16   claims prior to trial."  United States v. Zima, 766 F.2d 1153, 1158 (7th Cir. 1985); accord United Mine

17   Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Justification for the exercise of supplemental

18   jurisdiction "lies in considerations of judicial economy, fairness and convenience to the litigants; if

19   these are not present a federal court should hesitate to exercise jurisdiction over state claims."  Gibbs,

20   id.

21   Having delayed over 5 years from the instigation of this litigation to bring the claims it now

22   seeks to add, the factor of fairness does not operate in Sherwood's favor.  None of the remaining

23   parties are domiciled in this forum and the Court takes judicial notice of the fact that all the law firms

24   of the lead counsel for the parties are in some other part of the country.  Convenience, therefore, does

25

26   **ORD ON MTN**
     **TO AMEND - 3**

1    not dictate that the matter remain here.  Sherwood has argued that it must depose the original plaintiff

2    (who resides in Washington) at some point, but this fact alone does not outweigh the large quantity of

3    out-of-state depositions which will have to be taken from insurance company personnel and parties to

4    the contracts at issue.

5            Considerations of judicial economy mitigate in favor of declining to further exercise

6    supplemental jurisdiction.  As Sherwood has pointed out, there are numerous other lawsuits

7    concerning these parties and these issues already underway in other areas of the country; surely it

8    makes economic sense (for both the courts and the parties) to join this litigation to one of those

9    pending actions.  Nor would it make any sense to retain the Ansell parties (who are already before this

10   Court as the subjects of Sherwood's third-party complaint) if the remainder of the parties are to be

11   sent elsewhere; in any event, the Ansell defendants have indicated their willingness to be dismissed out

12   of this litigation.  Finally, the Court notes that the parties are in agreement that New York law governs

13   the contracts at issue in Sherwood's claims, and Sherwood has offered no compelling argument as to

14   why a Washington federal court is best suited to interpret and apply New York state law.

15           Sherwood attempts to make much of the fact that they have been permitted to proceed to this

16   point under the supplemental jurisdiction banner, arguing that the Court "has implicitly acknowledged

17   that the exercise of supplemental jurisdiction in this matter is appropriate."  Reply, p. 8.  The fact that

18   this litigation has not been subjected to the jurisdiction analysis conducted supra does not prevent the

19   Court from doing so now.  A court may decline supplemental jurisdiction at any stage of the litigation

20   and the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it.

21   Innovative Home Health Care, Inc. v. P.T. - O.T. Assocs of the Black Hills, 141 F.3d 1284, 1287 (8th

22   Cir. 1994).

23   **Conclusion**

24

25

26   **ORD ON MTN**
     **TO AMEND - 4**

Third-party Plaintiff Sherwood will not be permitted to allege cross-claims against parties previously dismissed from this litigation. Additionally, considerations of judicial economy, fairness, convenience to the litigants and principles of comity with the state courts dictate that this Court decline any further exercise of supplemental jurisdiction over the parties to this lawsuit. Accordingly, the matter will be dismissed without prejudice to third-party plaintiffs to join these claims to some pending action elsewhere or re-file them in a more appropriate forum.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  June __3__, 2005

Marsha J. Pechman
U.S. District Judge

ORD ON MTN
TO AMEND - 5